IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| HYE JA CHOI,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | Case No. 25-cv-00092-DKW-WRP<br><br>**ORDER DENYING MOTION TO REMAND** |

Plaintiff Hye Ja Choi, proceeding without counsel, moves to remand this action to the First Circuit Court for the State of Hawai‘i, arguing that Defendant United States Postal Service (USPS) untimely removed the case.   USPS opposes remand, arguing that the time for it to remove has not even begun, much less expired, because Choi has failed to properly serve USPS in accordance with Federal Rule of Civil Procedure 4(i).

Having reviewed the parties' briefing, including Choi's replies, the record, and pertinent law, the Court finds that removal was timely, albeit for a reason different than the one advanced by USPS.   Specifically, while the Court does not agree that, *prior to* removing this case from *State* Court, Choi needed to comply with the *Federal* Rules of Civil Procedure, the most applicable *State* procedural rule indicates that proper service of USPS required service on the U.S. Attorney

General—something that Choi does not contend has occurred.   As a result, USPS' removal of this case was not untimely, as Choi contends.   For these reasons, which are set forth more fully below, the motion to remand, Dkt. No. 7, is DENIED.

## <u>RELEVANT LEGAL PRINCIPLES</u>

Pursuant to 28 U.S.C. Section 1442(a)(1), an agency of the United States, such as USPS, may remove a civil action commenced in a State court to a Federal court.   Removal, however, must be timely.   Specifically, a defendant, such as USPS, must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."   28 U.S.C. § 1446(b).   The U.S. Supreme Court has explained that, under Section 1446(b), the time for counting begins when the defendant is formally served with the summons and complaint.   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348, 350 (1999) (reversing the remand of an action for being untimely and explaining that, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.").   USPS has the burden of establishing that removal was proper.   *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

"[A]ny doubt about the right of removal requires resolution in favor of remand."
*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## DISCUSSION

Here, while the parties' briefs raise numerous issues related to the factual basis and/or merit of Choi's claim(s), the *only* argument raised in the motion to remand for why removal should be considered improper is the alleged untimeliness of the same.   It is, therefore, that argument alone that is addressed below.

Choi argues that removal was untimely because she served USPS on January 21, 2025 and the notice of removal was not filed until February 28, 2025—38 days later or 8 days after the 30-day time limit of Section 1446(b). USPS counters that removal was timely because, contrary to Choi's contention, it has not been properly served in accordance with Rule 4(i).   More specifically, USPS argues that, because it is a federal government agency, Rule 4(i) requires service not only on it, but also on the U.S. Attorney General and the U.S. Attorney for the District of Hawaiʻi.

USPS accurately summarizes the requirements of Rule 4(i) with respect to service on a federal government agency.   The Court disagrees with USPS, however, that those requirements necessarily apply in the circumstances of removal here.   The only case USPS cites in this regard is *N'Jai v. Boyd*, 2024 WL

3

4651029 (D. Md. Nov. 1, 2024).   While this Court agrees that *N'Jai* is helpful,

USPS mischaracterizes its reasoning.   Notably, the government contends that, in

*N'Jai*, the district court found service to be improper because the plaintiff had not

served the U.S. Attorney General or the local U.S. Attorney's Office, "as required

by [Rule 4(i)]…."   Dkt. No. 10 at 9.   That is not, however, an accurate reading of

*N'Jai*.   Instead, the district court there found that the plaintiff had not properly

served USPS in accordance with "governing Maryland rules" of procedure, which

only happened to be "analogous" to Rule 4(i).   *N'Jai*, 2024 WL 4651029, at *4

n.3.   In other words, as the *N'Jai* court explained, "the question whether service of

process was sufficient *prior to* removal is governed by state law."[1]   *Id*. (emphasis

added, brackets and quotation omitted); *see also Copley v. U.S. Dep't of Energy*,

2012 WL 1111568, at *4-5 (S.D.W.Va. Mar. 30, 2012) (explaining that, "as

countless decisions make clear, state procedural rules apply pre-removal, and

finding service of a federal government agency to be proper under State procedural

rules and removal to have been untimely); Fed.R.Civ.P. 81(c)(1) (providing that

"[t]hese rules", *i.e.*, the Federal Rules of Civil Procedure, "apply to a civil action

---

[1] A natural reading of USPS' opposition posits that the sufficiency of process prior to removal is governed by *federal* law.   *See* Dkt. No. 10 at 8-9.   As mentioned, that is a mischaracterization of *N'Jai* that appears to have been caused by a failure to fully read the decision in *N'Jai*.   The Court, accordingly, forewarns USPS' counsel that any future conduct of a similar ilk, whether in this or any other case before the undersigned, will result in an order to show cause.

4

*after* it is removed from a state court.") (emphasis added).    Here, the government does not attempt to explain whether service of process was sufficient under Hawaiʻi State law.

In another State, this may have been outcome determinative.    *See Racquet Club Apartments at Bonaventure 4 S. Condo. Ass'n v. U.S. Sec'y of Hous. & Urban Dev.*, 2012 WL 3244656, at *3-5 (S.D. Fla. Aug. 9, 2012) (finding that, because the plaintiff "did not have to comply with Federal Rule 4(i) when effecting service in state court[]" and served a federal government agency "consistent" with State law,    removal was untimely).    Upon review of Hawaiʻi's Rules of Civil Procedure, though, the Court finds that the remand outcome here does not differ from the one Rule 4(i) would have produced.

Specifically, *unlike* in *N'Jai*, the Hawaiʻi Rules of Civil Procedure do not have a rule directly "analogous" to Rule 4(i), *i.e.*, a rule that provides for how to serve the United States or one of its agencies.    Therefore, like in *Copley*, this Court looks for the "most applicable" rule instead.    Having done so, the most applicable rule appears to be Hawaiʻi Rule of Civil Procedure 4(d)(5) (HRCP 4(d)(5)), which provides for how to serve an *agency* of the *State*.[2]    HRCP 4(d)(5)

---

[2]The Court notes that, in *Copley*, the *West Virginia* Rules of Civil Procedure did not directly provide for how to serve a state agency, *see generally* W.Va.R.Civ.P. 4(d), which is, presumably, why the district court found service on corporations to be the most applicable rule.    Here, in

provides that service on a State agency shall be made by "serving the State" *and* delivering a copy of the summons and complaint to the agency.   In turn, service on the State is made by delivering a copy of the summons and complaint to "the attorney general of the State or to the assistant attorney general or to any deputy attorney general who has been appointed by the attorney general."   Haw.R.Civ.P. 4(d)(4).   In this light, applying the most applicable State procedural rule here, for Choi to have properly served USPS in State court, she was required to serve the summons and complaint on both (1) USPS, which is not challenged, *and* (2) the U.S. Attorney General.[3]   As mentioned, Choi does not dispute that she has failed to serve the U.S. Attorney General.   Instead, Choi contends that various "experts" in the art of service of process "thought it was natural" to serve only USPS.   *See* Dkt. No. 7 at 3-4.[4]   Whoever these "experts" might be, for purposes of the removal statute, "formal service" on USPS is required, *see Murphy Bros.,* 526 U.S.

---

contrast, the Court finds that a rule tailored to a government agency, albeit a State one, is more applicable to serving a Federal agency, as compared to a rule tailored to a corporation.

[3]While HRCP 4(d)(4) allows for service on an assistant attorney general or deputy attorney general appointed by the attorney general, in light of the differing structures of the Hawaiʻi and U.S. Attorney General offices, the Court interprets service on the United States to include only the U.S. Attorney General.   Ultimately, though, for purposes of the current motion to remand, the distinction is irrelevant, given that it is undisputed Choi has not served *any* attorney general (or subordinate attorney general) of the United States in this case.

[4]Choi also cites cases involving dismissal for insufficient service.   Dkt. No. 7 at 4.   The pending issue, however, does not involve *dismissal* of this case, and, thus, the cited cases provide no helpful guidance as to whether service was proper here.

at 348, something that Choi has failed to do within the meaning of HRCP 4(d)(5).

Therefore, for *this* reason, USPS' removal of this case was not untimely and, the

motion to remand, Dkt. No. 7, is DENIED.

   IT IS SO ORDERED.

   Dated: May 5, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Hye Ja Choi v. United States Postal Service;* Civil No. 25-00092 DKW-WRP;
**ORDER DENYING MOTION TO REMAND**