IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HYE JA CHOI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | Case No. 25-cv-00092-DKW-WRP<br><br>**ORDER (1) GRANTING MOTION TO DISMISS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**[1] |

　　　　In December 2024, Plaintiff Hye Ja Choi brought this lawsuit against the United States Postal Service (USPS) seeking to collect a "debt" allegedly stemming from USPS' "loss" of, and/or "negligence" in returning, a "delivery certificate" to Choi. USPS now moves to dismiss the Complaint with prejudice, arguing, among other things, that Choi's claim(s) are barred by principles of sovereign immunity and exhaustion. In opposing dismissal, Choi does not respond to either of these arguments, instead discussing matters not raised in the motion to dismiss.

　　　　Upon review, for the reasons discussed more fully below, the Court agrees with USPS that the Complaint should be dismissed because, as alleged, any claim

---

[1] The Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(c).

Choi may be seeking to bring is barred by the Federal Tort Claims ACT (FTCA) and, by extension, sovereign immunity.  Specifically, the basis for Choi's claim(s) is clearly the untimely delivery or non-delivery of postal matter—"delivery certificates"—something expressly prohibited by the FTCA.  As a result, the Court finds that amendment would be futile and, thus, not warranted under the circumstances.  The motion to dismiss, Dkt. No. 39, is, therefore, GRANTED without leave to amend.  Because dismissal is for a lack of subject matter jurisdiction, it is without prejudice.

## BACKGROUND

In February 2025, USPS removed this case from the First Circuit Court for the State of Hawai'i.  Dkt. No. 1.[2]  Liberally construed, the pro se Complaint alleges as follows.  In July 2024, Choi mailed a complaint, summons, and "delivery certificate[s]", which are also referred to as "green cards" in the Complaint, to an unidentified recipient in Las Vegas, Nevada.  Dkt. No. 1-1 at 3.[3]  Although USPS is "required" to return a "green card" within 15 days, Choi alleges that, 6 months later, he still had not received one.  *Id*. at 3-4.  This has allegedly

---

[2] In May 2025, the Court denied Choi's motion to remand.  Dkt. No. 13.
[3] Because the paragraphs and page numbers of the Complaint are not sequentially numbered, the Court cites to the page numbers assigned by CM/ECF in the top-right corner of the document instead, *i.e.*, "Page 3 of 11".

2

harmed Choi because an unidentified "judge" in an unidentified "case" "did not acknowledge the service" Choi claims to have completed via the USPS, resulting in a "trial" being "suspended for 6 months…." *Id.* The Complaint also alleges that, on September 11, 2023, Choi sent "22 registered mail and green cards", but he did not receive the "green card" returns until October 31, 2023, more than the 15-day response time Choi claims the USPS is obligated to follow. *Id.* at 3. In light of the foregoing, the Complaint asserts that USPS is responsible for "delivery negligence". *Id.* at 5.

In December 2025, USPS filed the instant motion to dismiss with prejudice. Dkt. No. 39. First, USPS argues that sovereign immunity bars Choi's claim(s). Second, USPS argues that Choi has failed to exhaust administrative remedies with respect to the claim(s). Third, USPS argues that the Complaint fails to plausibly allege liability for any of the damages Choi may have suffered. On January 23, 2026, Choi filed an "amended opposition" to the motion to dismiss. Dkt. No. 45.[4] First, Choi argues that USPS has received service of process four times. Second, Choi asserts that there are "at least five cases involving federal government

---

[4] This opposition "amend[s]" a far shorter opposition filed on January 12, 2026. *See* Dkt. No. 43. Because the "amended opposition" appears to offer a more fulsome recitation of Choi's opposition to the motion to dismiss and because USPS was able to reply to the same, Dkt. No. 46 at 1, the Court accepts the latter, "amended opposition" as Choi's response to the motion to dismiss.

3

agencies" being litigated in Hawaiʻi State court.  Choi also clarifies that a "green card" is a requested "return receipt".  *Id*. at 5.  On January 29, 2026, USPS filed a reply.  Dkt. No. 46.  With briefing complete, this Order now follows.

## **RELEVANT LEGAL PRINCIPLES**

USPS moves to dismiss on various grounds, including sovereign immunity. "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."  *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003) ("The United States, as a sovereign, is immune from suit unless it has waived its immunity.")  Challenges to a court's subject matter jurisdiction are brought under Federal Rule of Civil Procedure 12(b)(1).  When a defendant moves to dismiss under Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).[5]

---

[5] A Rule 12(b)(1) motion can consist of a facial or factual attack on jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, with respect to its sovereign immunity argument, USPS appears to challenge jurisdiction facially.  *See* Dkt. No. 39-1 at 4-6 (arguing that sovereign immunity bars Choi's alleged claims).  The Court, thus, looks to the allegations of the Complaint in assessing this argument.  *See Meyer*, 373 F.3d at 1039 ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.").

When a plaintiff, such as Choi, proceeds without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, among other things, amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

As discussed, USPS moves for dismissal, arguing, in part, that it is immune from suit and, thus, this Court lacks subject matter jurisdiction. Choi has not responded to this argument, despite it being a plaintiff's burden to establish jurisdiction and having an opportunity (two, in fact) to do so. In any event, based upon the Court's independent review of USPS' argument in this regard, for the reasons discussed more fully below, the Court agrees that sovereign immunity bars this suit. The Court further finds that leave to amend is not warranted because it is clear that amendment cannot cure the obvious purpose of Choi's claim(s).

The U.S. Supreme Court has explained that the USPS is "an independent establishment of the executive branch of the Government of the United States,"

5

and, thus, "enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-484 (2006) (quotation omitted). The Supreme Court further explained, in a context such as the one here involving tort claims like negligence, that the federal Government, under the FTCA, has waived its sovereign immunity in "two different sections of the United States Code[,]" including "for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government…." *Id*. at 484 (quotation omitted). However, many exceptions, "13 in all", exist to the Government's waiver of immunity. *Id*. at 485 ("If one of the exceptions applies, the bar of sovereign immunity remains."). As pertinent here, in the motion to dismiss, USPS relies upon one such exception: "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Dkt. No. 39-1 at 5 (citing 28 U.S.C. § 2680(b)). In *Dolan*, the Supreme Court clarified the scope of this exception, concluding that the Government retained immunity "only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id*. at 489.

With this explanation, the claim(s) alleged here clearly fall within the above-mentioned exception for postal matter. Notably, Choi's claim or claims, to the extent there is more than one, clearly allege that the USPS acted negligently in

either *delivering* "certificate[s]" or "green cards" (aka return receipt cards) *late*, in the case of ones sent on September 11, 2023, or *not at all*, in the case of ones sent on July 12, 2024. Dkt. No. 1-1 at 3-4. Similarly, all of the damages Choi allegedly suffered from this conduct "result[] from the defendants' negligence…." *Id*. at 5. The only arguable question that Choi might have raised had this issue been addressed in the "amended opposition" -- which it was not -- is whether a "delivery certificate", "green card", or "return receipt" constitutes "postal matter." While there may be "scant authority" interpreting Section 2680(b), *see MB Fin. Group, Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816 (9th Cir. 2008), based upon the Court's research and common sense, a "delivery certificate", however worded, is undoubtedly "postal matter" for purposes of the provision, *see Anwar v. U.S. Postal Serv.*, 2022 WL 9350963, at *5-6 (W.D. Wash. Oct. 14, 2022) (dismissing claim against USPS "for its failure to remit a signed return receipt" as barred by the FTCA's postal matter exception); *Cheng v. Flushing Main St. Post Office*, 719 F. App'x 81, 82-83 (2d Cir. Apr. 18, 2018) (Summary Order) (affirming dismissal, under the postal matter exception, of claims for failing to timely deliver letters and provide return receipts). As the Complaint acknowledges, Choi "mailed" the "green cards" through USPS to others and expected the "green cards" to be returned by USPS for the purpose of confirming the recipients' service.

Therefore, if "postal matter" is to have any meaning beyond the term preceding it, *i.e.*, "letters, it must include "green cards" sent in the mail through USPS.  *See U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (explaining that, if possible, "every clause and word of a statute should have meaning[.]") (quotation and citation omitted).

The only remaining issue is whether Choi is entitled to leave to amend the Complaint.  The Court finds Choi is not for a simple reason: the Complaint is clear that, through this action, Choi seeks to assert claims and obtain damages solely due to USPS' alleged "delivery negligence".  Dkt. No. 1-1 at 5.  Because such negligence is the focus of the postal matter exception, *see Dolan*, 546 U.S. at 489, amendment of the Complaint would be futile.  Therefore, for these reasons, the motion to dismiss, Dkt. No. 39, is GRANTED, and the Complaint is DISMISSED without leave to amend.  However, because dismissal is for a lack of subject matter jurisdiction, *see Balser*, 327 F.3d at 907, dismissal is WITHOUT PREJUDICE, *see Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 39, is GRANTED.  The Complaint is DISMISSED without prejudice, but without leave to amend.

The Clerk is instructed to enter Judgment pursuant to this Order and then close this case.

IT IS SO ORDERED.

Dated: February 23, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Hye Ja Choi vs. United States Postal Service*; Civil No. 25-00092 DKW-WRP;
**ORDER (1) GRANTING MOTION TO DISMISS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**